IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL ACTION 10-101-KD-N |
| | ) |
| ALZO PREYEAR, JR., | ) |
|    Defendant. | ) |

ORDER

      This matter is before the Court on Defendant Alzo Preyear, Jr.'s second motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the United States Sentencing Guidelines (Doc. 134). Earlier this year, the Court denied Defendant's first § 3582(c)(2) motion on the ground that he is serving a mandatory minimum term of imprisonment that the Court is without authority to modify. (Docs. 131 & 133). Citing to the Supreme Court's recent decision in <u>Dorsey v. United States</u>, 132 S. Ct. 2321 (2012), in which the Court held that Congress' amendments to the quantity of crack cocaine necessary to trigger the five- and ten-year statutory mandatory minimums codified at 18 U.S.C. § 841 apply to all sentencings that occur on or after August 3, 2010, Defendant now renews his request for relief.

      Over the course of the past two months, this Court has allowed several crack cocaine offenders to assert their <u>Dorsey</u> claims in motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. <u>See, e.g.</u>, <u>United States v. Yates</u>, No. 10-00073-KD, 2012 WL 3641452 (S.D. Ala. Aug. 24, 2012); <u>United States v. Gill</u>, No. 09-00114-KD, 2012 WL 3610537 (S.D. Ala. Aug. 21, 2012); <u>United States v. Riley</u>, No. 10-00100-KD, 2012 WL 3292966 (S.D. Ala. Aug. 10, 2012); <u>United States v. Wilburn</u>, Nos. 10-00087 & 10-00188-KD, 2012 WL

2838251 (S.D. Ala. July 10, 2012).  However, even if the Court were to comply with the "prophylactic notice and warning requirement" that the Supreme Court instituted in Castro v. United States, 540 U.S. 375 (2003) and then re-characterize Defendant's motion as being brought pursuant to § 2255, Dorsey would be unavailing to him.  Defendant was held accountable for 34 grams of crack cocaine, which is sufficient to trigger both the pre- and post-amendment five-year statutory minimums.   Compare 21 U.S.C. § 841(b)(1)(B)(iii) (2006) (prescribing term of imprisonment of not less than five years and no more than 40 years if defendant's offense involves five grams or more of a mixture or substance containing cocaine base) with 21 U.S.C. § 841(b)(1)(B)(iii) (2006 & Supp. V 2011) (prescribing term of imprisonment of not less than five years and no more than 40 years if defendant's offense involves 28 grams or more of a mixture or substance containing cocaine base).

In accordance with the foregoing, Defendant is not entitled to any sentencing relief on the basis of § 3582(c)(2) or Dorsey, and his motion (Doc. 134) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to Defendant by U.S. Mail.

**DONE** and **ORDERED** this the **5th** day of **September 2012**.

/s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**